JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

WILLIAM FRENTZEN (LABN 24421)
Assistant United States Attorney

   450 Golden Gate Avenue
   San Francisco, California 94102
   Telephone: (415) 436-6959
   Facsimile: (415) 436-6753
   E-Mail:   william.frentzen@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>     Plaintiff, )<br><br>   v. )<br><br>SANTISOUK T. CHAIYASITH, et. al., )<br><br>     Defendants. )<br>_____ ) | No. CR 08-00461 PJH<br><br>**GOVERNMENT'S APPEAL OF MAGISTRATE'S PRE-TRIAL RELEASE ORDER FOR DEFENDANT LONG T. LAM**<br><br>Hon. Phyllis J. Hamilton<br>Date: July 30, 2008<br>Time: 1:30 p.m. |

**I.**

**INTRODUCTION**

     Plaintiff United States of America, by and through its counsel of record, hereby files this

appeal of Magistrate Judge Maria-Elena James' order granting pre-trial release to defendant Long

Lam ("defendant"). Defendant is charged in an indictment along with eighteen other people with

conspiracy to distribute, and possess with the intent to distribute, 3,4

methylenedioxymethamphetamine, also known as MDMA or ecstasy, and marijuana.

     As a matter of law, defendant is presumed to be both a danger to the community and a

flight risk and has failed to present any facts which rebut those presumptions. Defendant must

therefore be detained pending trial. Even if defendant can rebut the presumptions of danger and flight, the government has nonetheless demonstrated by clear and convincing evidence that defendant is a danger to the community and by a preponderance of the evidence that defendant is a flight risk. As more fully explained below, defendant should be detained pending trial because:

- defendant has a lengthy criminal record in which he has sustained convictions for crimes of violence, namely 2 counts of First Degree Robbery;

- defendant faces a charge of 18 U.S.C. § 922(g)(1) following return of a superseding indictment because he possessed a firearm in his residence at the time of his arrest on July 16, 2008;

- defendant faces a charge of 18 U.S.C. § 931 following a return of a superseding indictment because he possessed body armor in his residence at the time of his arrest on July 16, 2008;

- defendant faces a mandatory minimum sentence of 10 years imprisonment if convicted in this case following return of a superseding indictment alleging that the conspiracy distributed and possessed with intent to distribute 1,000 or more marijuana plants; and

- a $300,000 bond, partially or fully secured by property, is not sufficient to secure defendant's appearance and adequately safeguard the community.

Thus, not only does the law presume that defendant is both a danger to the community and a flight risk based on the instant charges but the facts and circumstances of defendant's criminal livelihood also show him unequivocally to be a danger to the community and a flight risk. Defendant should therefore be detained pending trial.

## II.

## FACTS AND PROCEDURAL HISTORY

**A.    The Investigation and Defendant's Involvement in the Narcotics Conspiracy**

The indictment in this case resulted from a long-term wiretap investigation into narcotics trafficking conducted by the Hop Sing Tong and associated narcotics traffickers. On July 15,

2008, a Grand Jury sitting in the Northern District of California returned an Indictment against defendant Lam and eighteen other defendants.[1]

Specifically, on December 6, 2007, defendant Lam participated in selling approximately 1,000 ecstasy pills to an undercover DEA agent, Special Agent Sammy Ua.  During the transaction, SA Ua ordered 1,000 ecstasy pills from Lam's co-defendant, Santisouk Chaiyasith. After Chaiyasith and co-defendant Marco Villa placed the order over the phone, defendant Lam told SA Ua that "my guy went to get the stuff."  Defendant Lam then instructed co-defendant Villa to "make sure the paperwork [money] is in order."  Defendant Villa then took the cash from SA Ua and counted out the agreed upon price of the 1,000 ecstasy pills – $2,300.  Defendant Villa then told defendant Lam that the money was all there.  Later that day, at the same location, defendant Lam was present while defendant Chaiyasith and co-defendant Khanh Hua delivered the 1,000 pills to SA Ua in a clear plastic bag.  Subsequent to that transaction, defendant Lam was intercepted on wire communications in which Lam was overheard arranging to sell and seen by surveillance meeting to deliver approximately 20,000 ecstasy pills to co-defendant Minh Trung Ngo.  Defendant was further intercepted stating that there was a "Mexican" to whom defendant stated he owed $80,000.  Lam stated to an individual with whom he was arranging marijuana purchases that if a bunch of Mexican guys came to him, he was considering whether he should "pull out a gun and shoot him" which defendant stated would "start a war" with the Mexicans.  Defendant also stated that he would "make him [the Mexican] disappear or something" if he could, but that he can't because he manages a restaurant they would know how to find him.

Finally, on July 16, 2008, DEA agents executed the warrant issued by the Honorable Magistrate Judge Maria-Elena James at 2535 11th Avenue, Apartment E, Oakland, California, defendant Lam's residence.  Defendant Lam was placed under arrest and in his bedroom the agents recovered a firearm – a .22 caliber Smith and Wesson revolver, loaded with four rounds.

---

[1]    One of those defendants, Wilson Ly, a/k/a "Monkey," remains a fugitive and is currently believed to be in China.

Also found in defendant Lam's room was a Second Chance body armor vest.  In addition, in the bedroom of defendant Lam's daughter (approximately five years of age), the agents located two boxes of .380 caliber ammunition.

**B.     Defendant's Detention Hearing and Order of Pre-trial Release**

On July 23, 2008, defendant appeared before Judge James for a detention hearing.  The government moved for detention because defendant is a danger to the community and a flight risk and is presumed so as a matter of law.  Pre-trial Services recommended release upon an unsecured bond.  Judge James ordered that defendant be released following the posting of a $300,000 bond secured by property.  The government requested that the order be stayed pending resolution of this appeal.  Judge James instructed the government to file its appeal, and indicated she would leave her release order unsigned pending any modification by this Court following its review, but set for release on July 30, 2008.

## III.

## DEFENDANT IS A DANGER TO THE COMMUNITY AND A FLIGHT RISK AND SHOULD BE DETAINED PENDING TRIAL

**A.     Standard of Review is De Novo**

"[A] district court's review of a magistrate's detention order is to be conducted without deference to the magistrate's factual findings."  *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990).  Thus, this Court must make its own independent determination regarding defendant's detention status.

**B.     As a Matter of Law, Defendant is Presumed a Danger and a Flight Risk**

The Bail Reform Act of 1984 ("the Act") permits pretrial detention of a defendant without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e).  Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary to prove both.  *United States v. Motamedi*, 767

F.2d 1403, 1406 (9th Cir. 1985); *United States v. Kouyoumdjian*, 601 F. Supp. 1506, 1508-10 (C.D. Cal. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Motamedi*, 767 F.2d at 1406.

In cases involving narcotics offenses, the Act established a rebuttable presumption that a defendant is both a flight risk and a danger to the community. 18 U.S.C. § 3142(e); *United States v. Cox*, 635 F. Supp. 1047, 1054 (D. Kan. 1986) *citing* H.R. Rep. at 20, U.S.C.C.A.N. at 3203 (Congress also noted that persons charged with major drug felonies are often in the business of importing or distributing dangerous drugs, and thus "pose a significant risk of pretrial "recidivism."). That presumption exists if there is "probable cause" that the defendant committed a narcotics offense for which a maximum term of imprisonment of ten years or more is prescribed. 18 U.S.C. § 3142(e). A grand jury indictment, as returned in this case, establishes "probable cause" under 18 U.S.C. § 3142(e) and gives rise to the Act's presumptions. *United States v. Vargas*, 804 F.2d 157 (lst Cir. 1986); *United States v. Suppa*, 799 F.2d 115 (3d Cir. 1986); *United States v. Contreras*, 776 F.2d 51 (2d Cir. 1985). Once the presumption is triggered, the defendant has the burden of producing or proffering evidence to rebut the presumption. *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989); *United States v. King*, 849 F.2d 485, 488 (11th Cir. 1988).

If the defendant proffers evidence to rebut the presumption, the Ninth Circuit has identified several relevant statutory factors in determining whether pretrial detention is appropriate: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against defendant; (3) the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, and criminal history; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755 (9th Cir. 1986); *Motamedi*, 767 F.2d at 1407.

Congress intended that the statutory presumptions would have a practical effect. *United*

*States v. Jessup*, 757 F.2d 378, 382 (1st Cir. 1985). The presumptions do not disappear when a defendant meets his or her burden of producing rebuttal evidence. *United States v. Perez-Franco*, 839 F.2d 867, 870 (1st Cir. 1986); *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). The presumptions remain in the case as evidentiary findings militating against release, to be weighed along with other evidence relevant to the factors listed in Section 3142(g). *Dominguez*, 783 F.2d at 707. Indeed, the Act's presumption should be added as a significant factor that supports pretrial detention under both rationales for detention. *See United States v. Perez-Franco*, 839 F.2d 867, 870 (1st Cir. 1988) (presumption a factor militating against release); *United States v. Cook*, 880 F.2d 1158, 1160 (10th Cir. 1989)(same).

C.   **Defendant Has Not Rebutted the Presumption that He Is a Danger to the Community and a Flight Risk**

Defendant has presented no facts which are sufficient to rebut the legal presumption that he is a danger and a flight risk. The only facts presented by defendant thus far is promise to post a house which defendant's counsel claims has approximately $40,000 in equity. That is hardly sufficient to overcome the presumption, defendant's violent criminal history, and the disclosure of defendant's illegal weapons possession.

D.   **Statutory Factors Requiring Detention**

1.   **Nature and Circumstances of the Offense Charged (18 U.S.C. § 3142(g)(1))**

This factor weighs heavily in favor of detention. The grand jury has indicted defendant for conspiring to distribute and possess with intent to distribute over 100 marijuana plants and MDMA. Defendant is intercepted on a wiretap in this case. Defendant is also facing the pendency of a superseding indictment which will allege a conspiracy to distribute over 1,000 marijuana plants – triggering a 10 year mandatory minimum – as well as a charge of felon in possession of a firearm. Not only does the serious nature of the charges show defendant to be a danger to the community, but defendant has every incentive to flee the jurisdiction (as one defendant in this case already has) and perhaps find a way to reimburse his surety for $40,000, which he may well be willing to lose if it means defendant will not spend a long period of time in

prison.

2.    **Weight of the Evidence Against Defendant (18 U.S.C. § 3142(g)(2))**

The evidence against defendant is extremely strong. As detailed above, defendant participated in a sale of ecstasy to an undercover DEA agent. Defendant is also intercepted on the wiretap selling approximately 20,000 MDMA pills to Minh Trung Ngo. Finally, defendant was caught in his house illegally in possession of a firearm and body armor.

3.    **Defendant's History and Characteristics (18 U.S.C. § 3142(g)(3)(A))**

Defendant's criminal history includes a number of burglary arrests and a serious crimes of violence: conviction for two counts of First Degree Robbery.

4.    **Defendant Poses a Serious Danger to the Community if Released**

Defendant has engaged in large quantity narcotics sales. Defendant has also illegally possessed weapons and body armor. Defendant discussed committing a murder of a "Mexican" to avoid a debt of $80,000 if he could figure out a way to avoid retribution by the associates of the individual he planned on killing. Clearly, this is an individual who is a danger to the community.

//
//
//
//
//
//
//
//
//
//
//
//

## IV.

## CONCLUSION

For these reasons, the government respectfully requests that this Court find that defendant has failed to rebut the statutory presumptions that he is a danger and a flight risk and order him detained pending trial. Alternatively, the government asks that this Court find that the government has established by clear and convincing evidence that defendant is a danger to the community and by a preponderance of the evidence that he poses a flight risk and that there are no conditions or combination of conditions that will reasonably assure the safety of the community and his appearance in court.

DATED: July 25, 2008                    Respectfully submitted,

                                        JOSEPH P. RUSSONIELLO
                                        United States Attorney


                                        _____/s/_____
                                        WILLIAM FRENTZEN
                                        Assistant United States Attorney