ERIK G. BABCOCK, Bar No. 172517
LAW OFFICES OF ERIK BABCOCK
1212 Broadway, Suite 726
Oakland, CA 94612-3423
(510) 452-8400 Tel
(510) 452-8405 Fax

Attorney for the Defendant
LONG LAM

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>LONG LAM, et al.,<br>Defendants. | No. CR 08-0461 PJH (MEJ)<br><br>**OPPOSITION TO GOVERNMENT'S MOTION FOR STAY OF RELEASE OF DEFENDANT LONG LAM PENDING APPEAL, AND FOR CLARIFICATION**<br><br>Hon. Maria Elena James |

On July 23, 2008, this Court ordered Mr. Lam released upon the posting of his brother's home. The government indicated that it would appeal and requested a stay. The court stated it would order a stay until the close of business Friday, July 25, 2008. The government then indicated that was likely not long enough to secure review of the release order in the district court. The court then gave then government until the close of business on Wednesday, July 30, 2008. The government now asks for yet another extension.

First, the request for an order staying the release order even further should be denied. The court has already indulged the government and given it ample time to secure review of the release order. Mr. Lam has a restaurant to run and every day he is

detained further is a hardship on him and his family.

Second, the government now claims it is not clear what the court ordered. Pretrial Services recommended that Mr. Lam be released on a unsecured bond in the amount of $200,000, signed by three sureties. During the detention hearing, the undersigned proffered that defendant's brother owned a home with an estimated $40,000 in equity available for posting. The court then ordered defendant released on a $300,000 bond, secured by four sureties, and the posting of defendant's brother's home. The court then stated, at least twice, that defendant Lam would be released once the stay expired so long as his brother's home was posted. The government's claim that it "understood" the court's order to require the posting of $300,000 in equity is complete nonsense. Defense counsel proffered that only an estimated $40,000 in equity was available, and the court then ordered defendant released upon the posting of that property. The court would not have ordered Mr. Lam released upon the posting of his brother's home if it intended to require the posting of $300,000 in equity because defense counsel informed the court at least twice that nothing remotely close to $300,000 in equity was available.

Defendant's brother has signed an obligation and notarized deed of trust giving Richard Wieking, the clerk of this court, a security interest in his home to secure his brother's release. The deed of trust has been recorded in the Sonoma County Recorder's Office. The same will be presented to the government today. The government's claim that it does not know what equity in the house exists, if any, is besides the point. The point is that Mr. Lam's

brother was willing to post his home to secure Mr. Lam's release. No additional conditions were ordered by the court. If the court wanted an appraisal or any further information then it could have ordered one.

Additionally, the government, under the guise of requesting "clarification," is really seeking reconsideration of the court's release order. However, it has already appealed the release order to Judge Hamilton. It is procedurally improper for it to seek reconsideration in this court simultaneously. Additionally, it has presented no information to even justify reconsideration. Finally, after this court set release conditions for Mr. Lam on July 23, 2008, this matter was called again the next day so that a Vietnamese interpreter was available for defendant's mother, who signed as a surety. Despite the opportunity, none of these issues were raised with this court at that time.

The government's motion should be denied. Defendant has met all the release conditions ordered by the court. He should be released today.

DATED: July 30, 2008

LAW OFFICES OF ERIK BABCOCK

By: ______________________________
ERIK BABCOCK
Attorney for Defendant LAM