```
ERIK G. BABCOCK, Bar No. 172517
LAW OFFICES OF ERIK BABCOCK
1212 Broadway, Suite 726
Oakland, CA 94612-3423
(510) 452-8400 Tel
(510) 452-8405 Fax

Attorney for the Defendant
LONG LAM
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LONG LAM, et al.,<br><br>    Defendants. | No. CR 08-0461 PJH (MEJ)<br><br>**DEFENDANT LONG LAM'S OPPOSITION TO GOVERNMENT'S APPEAL FROM ORDER RELEASING DEFENDANT** |

Mr. Lam should be released, as recommended by Pretrial and ordered by Magistrate Judge James. The prosecution's argument as to why Mr. Lam should be detained are weak and ultimately unpersuasive. Mr. Lam has a lengthy history of lawful, productive conduct, and strong ties to the community. He should be released, and allowed to keep his restaurant open and operating, on the conditions ordered by Magistrate Judge James.

**BACKGROUND**

Mr. Lam was charged, along with 18 other defendants, with conspiracy to distribute ecstasy and marijuana. Pretrial Services interviewed defendant and his family. Pretrial then recommended that he be released on a $200,000 unsecured bond signed by three

DEFENDANT LONG LAM'S OPPOSITION TO
GOVERNMENT'S APPEAL FROM RELEASE ORDER
United States v. Chaiyasith et al.

1 sureties.

2 A detention hearing was held on July 23, 2008. After hearing proffers by the prosecuting and defense attorneys, Magistrate Judge James agreed with Pretrial that there were conditions of release that would reasonably assure both the safety of the community and Mr. Lam's appearance in court. Magistrate James increased the bond to $300,000, required the signatures of four sureties, and ordered Mr. Lam's brother to post his home as security. Magistrate James also ordered that Mr. Lam be placed on electronic home detention, but allowed him to work.

The conclusions of Pretrial Services and Magistrate James were reasonable. Mr. Lam should be ordered released, and Magistrate James' decision affirmed.

**LAW AND ARGUMENT**

This is a presumption case because Mr. Lam (along with every other defendant in this case) is charged in Count One with conspiracy to distribute ecstasy and marijuana. The maximum possible term of imprisonment on ths count is more than 10 years, so the presumption applies.[1]

Notably, Count One in the indictment calls for a 5 year minimum term if proven. However, all 19 of the defendants are charged in Count One. The reason Count One would carry a mandatory minimum 5 year term is because it alleges the defendants conspired to distribute 100 or more marijuana plants. However, the evidence proffered by the government as to Mr. Lam has only to do with ecstasy, not with marijuana. There has been no evidence

---

[1]

1  offered that he conspired to sell marijuana. And there is no
2  mandatory minimum prison sentence for conspiring to sell ecstasy.[2]
3  The prosecution relies heavily on the presumption here. If
4  presumption is invoked, defendant need only present "some credible
5  evidence" showing defendant is not a flight risk or danger to the
6  community. That is, the defendant has burden of production only.
7  United States v. Alatishe, 768 F.2d 364 (D.C. Cir. 1985).
8  Defendant can use pretrial services report as "some credible
9  evidence." United States v. Nicholas, 681 F.Supp. 527 (N.D.Ill.
10 1988); United States v. Hare, 873 F.2d 796 (5th Cir. 1989) (court
11 suggests that pretrial service report may rebut presumption).

12 The use of an electronic bracelet "arguably" rebuts
13 presumption. United States v. O'Brien, 895 F.2d 810 (1st Cir.
14 1990).

15 Moreover, the prosecution's preview of the case against Mr.
16 Lam is the "least important" of the various factors. United States
17 v. Motamedi, 767 F.2d 1403, 1408 (9th Cir. 1985).

18 If a defendant proffers evidence to rebut the presumption of
19 dangerousness, the court considers four factors in determining
20 whether the pretrial detention standard is met: (1) the nature and
21 circumstances of the offense charged, including whether the offense
22 is a federal crime of terrorism; (2) the weight of the evidence
23 against the person; (3) the history and characteristics of the
24 person, including the person's character, physical and mental

---

[2] There is also no mandatory minimum sentence for being a felon in possession of firearm or body armor, charges which the government claims will be forthcoming, but which Mr. Lam has not been charged with.

DEFENDANT LONG LAM'S OPPOSITION TO
GOVERNMENT'S APPEAL FROM RELEASE ORDER
United States v. Chaiyasith et al.                    Page 3 of 8

1  condition, family and community ties, employment, financial
2  resources, past criminal conduct, and history relating to drug or
3  alcohol abuse; and (4) the nature and seriousness of the danger to
4  any person or the community that would be posed by the defendant's
5  release. United States v. Hir, 517 F.3d 1081 (9th Cir. 2008).
6  Once the presumption is rebutted, the prosecution must prove
7  that he is a flight risk by preponderance of evidence, or a danger
8  by clear and convincing evidence. United States v. Motamedi, 767
9  F.2d 1403 (9th Cir. 1985). There is more than just some credible
10 evidence to rebut the presumption here. There is ample evidence.
11 Mr. Lam is a longtime resident of the United States, and of
12 the Bay Area.
13 He has a lengthy and productive work history. He currently
14 owns and manages a restaurant (not the restaurant where the alleged
15 narcotics deals took place) in Oakland. He employs 4 to 5
16 employees. Every day that he continues to miss work at the
17 restaurant places its very existence in jeopardy.
18 He has substantial ties to the Bay Area. He has been dating
19 the same woman, Jeanie Yuen, for many years. They currently reside
20 together in Oakland. Ms. Yuen is gainfully employed. Mr. Lam's
21 mother, Kathy Lam, also resides in Oakland, where she works for
22 Oakland Unified School District. Mr. Lam's brother resides in
23 Santa Rosa with his wife. He works for a BMV dealership. All of
24 these people signed the $300,000 bond. Also, a longtime friend of
25 Mr. Lam's, Thanh Lo, also signed as a surety.
26 Mr. Lam is now 32 years old. According to Pretrial Services'
27 review of his criminal history, Mr. Lam has not been charged with,
28

1  much less convicted of, any crimes since 1994.³  The prosecution's
2  appeal to this court is somewhat misleading about Mr. Lam's
3  criminal history.  The government states that Mr. Lam has a
4  "lengthy criminal record."  In fact, Mr. Lam has not been charged
5  with, much less convicted of, a criminal offense in over <u>fourteen</u>
6  years.  His last prosecution, and apparently only conviction, were
7  in 1994.

8  Like many people, Mr. Lam went through a period of turbulence
9  when he was a teen.  In 1993 and 1994, when Mr. Lam was 17 and 18
10 years old, he incurred a number of arrests.  The last of those
11 arrests, for robbery, was just after he turned 18, and led to his
12 only adult conviction, in 1994.  Importantly, the robbery did not
13 involve a weapon.

14 Mr. Lam has no failure to appear on his record.  He has also
15 demonstrated a willingness and ability to comply with court ordered
16 supervision.  He successfully completed his parole following his
17 1994 conviction with no parole violations.  And he has not been
18 charged with, much less convicted of, committing any new criminal
19 offenses in the fourteen years since his 1994 conviction (until
20 this case).  According to Pretrial Services, Mr. Lam has not been
21 convicted of so much as a misdemeanor violation of the law since
22 1994.

23 Fourteen years of lawful and productive conduct demonstrate
24 that Mr. Lam is a good candidate for release.  His lengthy work
25 history, and stable family relations and ties to the community, all
26 show that he is a responsible individual.  The government's claim

---

³

1 that he is a flight risk are pure speculation. There is no
2 evidence to support the government's speculation that he would
3 flee. He has no ties to anywhere except here. He has not lived
4 anywhere else since he was a child, and his family live in the Bay
5 Area.

6     Defense counsel concedes the telephone conversations involving
7 Mr. Lam's alleged threat are troubling, if true. Counsel has not
8 been provided with any discovery as of yet and only knows what has
9 been proffered in the government's papers. It appears from the
10 government's papers that the alleged conversation was boastful
11 talk, which is quite common, and that Mr. Lam had no real intention
12 to harm anyone. He never threatened anyone directly, and his
13 boastful threat was quickly withdrawn in the course of the same
14 telephone conversation. Mr. Lam made it clear (while giving a face
15 saving reason) that he did not intend to follow through with any
16 threats.

17     And although the intercepted telephone call, if true, is
18 generally inflammatory in nature, it does not prove to a clear and
19 convincing standard that Mr. Lam is a threat to anyone. First, it
20 bears pointing out that Mr. Lam is not charged with a crime of
21 violence. He is charged with conspiring to sell, and selling,
22 ecstasy, and allegedly pot. The government's case against Mr. Lam
23 appears to be based primarily on the testimony of an undercover
24 agent, not any civilian witness. Mr. Lam does not pose a threat to
25 a government agent. The clear and convincing evidence means proof
26 that particular defendant actually poses a danger, not that
27 defendant in theory poses a danger. United States v. Patriarca, 948
28

F.2d 789 (1st Cir. 1991).[4]

Finally, even if a defendant poses a danger, and the undersigned submits there is ample evidence that Mr. Lam is not a danger, he must still be released if there is a "condition or combination of conditions [that] will reasonably assure . . . the safety of any other person and the community."  18 U.S.C. § 3142(e).  The conditions proposed here adequately address any concerns about danger. See United States v. Tortora, 922 F.2d 880, 884 (1st Cir. 1990) ("Undoubtedly, the safety of the community can be reasonably assured without being absolutely guaranteed . . . . Requiring that release conditions guarantee the community's safety would fly in the teeth of Congress's clear intent that only a limited number of defendants be subject to pretrial detention.")

**CONCLUSION**

The government's appeal should be denied.  Ultimately, conditions of release need not guarantee safety or presence, only "reasonably assure" both.  18 U.S.C. § 3142(e).  United States v. Fortna, 769 F.2d 243 (5th Cir. 1985); United States v. Orta, 760 F.2d 887 (8th Cir. 1985) (en banc).

The conditions recommended by Pretrial and adopted, with modification, by Magistrate James, will reasonably assure that Mr. Lam is neither a danger nor a flight risk.  He will abide by this court's orders.  If Mr. Lam is on electronic monitoring, supervised by Pretrial Services, he will be neither a danger nor a flight risk.  The conditions set by Magistrate James reasonably assure that.  Mr. Lam should be released on those conditions.  Mr. Lam

---

[4]

DEFENDANT LONG LAM'S OPPOSITION TO
GOVERNMENT'S APPEAL FROM RELEASE ORDER
United States v. Chaiyasith et al.                                    Page 7 of 8

1 respectfully requests that he be given the opportunity to prove to
2 the court that he will abide by its orders.
3 DATED: July 30, 2008

4                                       Respectfully submitted,

6                           By:   /S/Erik Babcock
                               ERIK BABCOCK
7                                Attorney for Defendant LAM